FILED

2012 Oct-15  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **FRIDA DIANE RUSSELL,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  6:11-CV-02571-RDP** |
| | } | |
| **MICHAEL J. ASTRUE,** | } | |
| **COMMISSIONER OF SOCIAL** | } | |
| **SECURITY,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OF DECISION</u>

Plaintiff Frida D. Russell brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Act. *See* 42 U.S.C. § 405(g). After careful review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

### I.  Proceedings Below

Plaintiff filed her application for a period of disability and DIB on May 23, 2008 (R. 90), alleging a disability onset date of October 15, 1999. (R. 109, 122). Plaintiff's application was denied initially and also upon reconsideration. (R. 96). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ") (R. 97), which was held on February 17, 2010 in Jasper, Alabama. (R. 25, 48). In his decision, dated April 21, 2010, the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Act through December 31, 2004, which was Plaintiff's last date insured. (R. 17, 18). The ALJ found that Plaintiff has the severe

impairments of psoriatic arthritis of the right thumb and psoriatic lesions of the back, abdomen, and elbows; however, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments in 20 C.F.R. § 404, Appendix 1, Subpart P, Regulation No. 4. (R. 17). The ALJ determined that Plaintiff was unable to return to her previous work, which was performed at the medium level of exertion and which was semi-skilled with no transferable skills. (R. 15). The ALJ also found that Plaintiff's exertional limitations prevented her from performing the full range of "medium work," *i.e.*, work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). (R. 18). However, relying upon the testimony of a Vocational Expert ("VE"), the ALJ determined that Plaintiff had retained, through her last date insured, the residual functional capacity ("RFC") to perform a limited range of medium work, including a significant number of jobs in both the national and regional economies. After the Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. 1), that decision became the final decision of the Commissioner, and, therefore, a proper subject of this court's appellate review.

At the time of the hearing, Plaintiff was 62 years old and had not worked since 1999. (R. 54, 55, 135). Plaintiff had a tenth grade education and had received vocational training in cosmetology and home health aid training. (R. 129). Plaintiff had previously worked as a home health aid from December 29, 1988 through October 1999. (R. 135). Plaintiff's duties as a home health aid included bathing patients, which required her to lift them out of bed. (R. 55). Plaintiff claims that during her employment as a home health aid, she developed pain in her back and hips, bursitis in her hips, depression, memory problems, psoriatic arthritis, scales on her body, and painful swelling in her right thumb. (R. 55-58). Plaintiff testified that these problems caused her to become unable to

perform her duties at work and that she quit her job as a result. (R. 57). Plaintiff said that on a scale of zero to ten, with zero being no pain and ten being the most severe pain, her pain was around nine at the time she quit her job, and that her pain has prevented her from working since then. (R. 58, 64). When asked by the ALJ how much weight she could have comfortably lifted or carried when she stopped working, Plaintiff gave an estimate of seven or eight pounds. (R. 74).

At the hearing, Plaintiff testified that she began seeing Dr. Goli, a rheumatologist, for her arthritis in 2000, and that she was prescribed Methotrexate, Folic Acid, and Humira to treat her arthritis. (R. 59, 63). Plaintiff also testified that she had suffered from a chronic nasal obstruction during the time that she worked as a home health aid, and that this condition had led to repeated sinus infections and had eventually required surgery. (R. 62). Plaintiff's medical records show that she was seen by her primary care physician at Acipco Medical Group during 2003 and 2004 for various problems including psoriasis, difficulty breathing, and psoriatic arthritis, and that she was referred to Dr. Goli on August 3, 2004. (R. 125, 183-85). Plaintiff testified that Dr. Goli gave her several injections for her pain and ordered her to remain in bed for most of the day due to pain and fatigue. (R. 60, 63-64). Plaintiff further testified that she has been in this condition since she quit work. (R. 64). After December 31, 2004, Plaintiff continued to receive treatment from both Dr. Goli and her primary care physician for her arthritis. (R. 66, 183, 279-91).

## II. ALJ Decision

Determination of disability under the Act requires a five step analysis. *See* 20 C.F.R. § 404.1520(a). If at any step a determination of disability can be made, the analysis stops; however, if a determination cannot be made, then the analysis proceeds to the next step. *See* 20 C.F.R. § 404.1520(a)(4). First, the ALJ must determine whether the claimant is engaged in any substantial

gainful activity, *i.e.*, activity done for pay or profit which involves significant mental or physical activity. *See* 20 C.F.R. § 404.1520(b). Second, if the claimant is not engaged in any such activity, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that is "severe," *i.e.*, an impairment which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.

Before proceeding to steps four and five, the ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ determines the claimant's RFC based on all the relevant medical and other evidence in her case record, as explained in 20 C.F.R. § 404.1545. In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R. 404.1520(f). If the claimant is determined to be capable of performing past relevant work, she is deemed not disabled. If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step, in which the ALJ must determine whether the claimant is able to perform any other work. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. *Id*.

To determine the number of jobs that a claimant can perform, the ALJ may (1) "apply the Medical Vocational Guidelines [*i.e.*, the grids], found in 20 C.F.R. § 404, [S]ubpart P, [A]ppendix 2," and (2) "consult a vocational expert, or VE, by posing hypothetical questions to the VE to establish whether someone with the claimant's impairments would be able to find employment." *Watson v. Astrue*, 376 Fed. App'x. 953 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004)).  The Eleventh Circuit has held that "exclusive reliance on the grids is not appropriate . . . when the claimant is unable to perform a full range of work at a given residual functional level." *Id.* at 956.  *See also Phillips*, 357 F.3d at 1242; *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989); *see also* 20 C.F.R. § 404, Subpart P, Appendix 2 § 200.00(a).  If the claimant is unable to perform a full range of work at a given residual function level, "the ALJ must make an individualized assessment and consult a VE to determine whether there are jobs in the economy the claimant can perform." *Id.* at 957.  *See also Phillips*, 357 F.3d at 1242-43.  While the ALJ may not rely solely on the grids in such cases, the ALJ may nonetheless use the grids "as a framework to evaluate vocational factors." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

At the time she filed her application, Plaintiff was not working or otherwise engaged in any substantial gainful activity.  (R. 12).  The ALJ acknowledged that Plaintiff's psoriatic arthritis in her thumb, back, abdomen, and elbows was "severe;" however, the ALJ determined that Plaintiff did not have an impairment or combination of impairments which satisfied the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  (R. 17).  After finding that Plaintiff lacked the RFC to perform her past relevant work through her date last insured (R. 17), the ALJ determined that Plaintiff retained the RFC to perform the exertional demands of some range of medium work, *i.e.*, work which involved the ability occasionally to bend, stoop, push, and pull using the lower

extremities, but not to climb or to be exposed to unprotected heights. (R. 15, 17). The ALJ determined that if Plaintiff complied with these guidelines, Plaintiff's pain should have been no greater than mild to moderate, and that Plaintiff's pain would impose only mild to moderate functional limitations upon her ability to engage in basic work activities. (R. 15). The ALJ, using the Grids and the testimony of a VE, determined that, while Plaintiff was unable to perform the full range of medium work, there were a significant number of jobs in both the national and regional economies that Plaintiff could have performed through her last date insured. (R. 16, 18).

Title 20 C.F.R. § 404.1568(d)(4) provides that a claimant who (1) is "age 55 or older" and (2) who has "a severe impairment(s) that limits [her] to sedentary or light work" is presumed incapable of "adjustment to other work unless [she has] skills that [she] can transfer to other skilled or semiskilled work." This presumption does not apply if the claimant is not limited to sedentary or light work. Thus, an individual age fifty-five or older, who can perform any range of medium work, is not presumed incapable of adjusting to other work under 20 C.F.R. § 404.1568(d)(4), merely because she lacks transferable job skills. In this case, Plaintiff reached the age of fifty-five while still insured, and Plaintiff lacked any transferable skills (R. 17). Nevertheless, Plaintiff was not presumed disabled, based on 20 C.F.R. § 404.1568(d)(4), because she remained capable of performing some range of medium work. (R. 17-18).

### III. Plaintiff's Argument for Remand or Reversal

First, Plaintiff claims that substantial evidence does not support the ALJ's decision that she retained the RFC to perform some range of medium work. (Pl.'s Mem. 11-12). Second, Plaintiff claims that the ALJ misapplied 20 C.F.R. § 404, Subpart P, Appendix 2 ("the Grids"). In particular,

Plaintiff contends that had the ALJ found her capable of only sedentary to light work, Rule 202.01 of the Grids would have directed the ALJ to find Plaintiff disabled. These arguments are related to each other; that is, the ALJ's application of the Grids follows inexorably from his determination of Plaintiff's RFC. Thus, the crux of Plaintiff's argument lies in her contention that the ALJ erred in finding that she could perform some range of medium work. If Plaintiff is able to perform only light or sedentary work, Plaintiff would be entitled to a presumption of disability, given the provisions of Rule 202.01 of the Grids. However, if Plaintiff can perform medium work, then Rule 202.01 does not apply, and Plaintiff would not be entitled to a presumption of disability, despite her advanced age, limited education, and lack of transferable skills.

## IV.  Standard of Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence or whether the correct legal standards were applied. 42 U.S.C. § 405 (g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). While less than a preponderance, substantial evidence is also "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.1995). The Commissioner's factual findings are conclusive when supported by substantial evidence. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). If supported by substantial evidence, the Commissioner's factual findings must be affirmed, even if the record preponderates against the

Commissioner's findings.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004);

see also *Martin*, 894 F.2d at 1529.  Legal standards are reviewed *de novo*.  *Moore*, 405 F.3d at 1211.

## V.  Discussion

The dispositive issue in this case is whether there is substantial evidence to support the ALJ's finding that Plaintiff could perform some range of medium work through her date last insured.  The remainder of Plaintiff's argument relies upon Rule 202.01, which does not apply if Plaintiff is capable of performing medium work.  If Plaintiff could perform only light or sedentary work, however, Plaintiff would be presumed disabled because of her advanced age, limited education, and lack of transferable skills.

The court finds that substantial evidence supports the ALJ's determination that Plaintiff retained the RFC to perform some range of medium work.  Given Plaintiff's RFC, Rule 202.01 does not apply.  Thus, the court also finds that the ALJ correctly applied the Grids in this case.

### A.    There Is Substantial Evidence That Plaintiff Could Perform Some Range of Medium Work.

Plaintiff argues that the ALJ's determination that Plaintiff retained the RFC to perform medium work is unsupported by substantial evidence.  (Pl.'s Mem. 10-11).  To support this argument, Plaintiff asserts that there is no evidence that she could perform medium work at all because she could not lift fifty pounds.  (Pl.'s Mem. 10).  She further claims that "federal regulations define the ability to do medium work as the ability to lift 50 pounds occasionally and 25 pounds frequently."  (*Id*.).  This misstates the law.

According to 20 C.F.R. § 404.1567(c), medium work is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25

pounds." Plaintiff's argument conveniently omits (or fails to account for) two phrases: "no more than" and "up to." Yet these words are key. As the Eleventh Circuit noted in *Moore v. Astrue*, 256 F. App'x. 330 (11th Cir. 2007), where the regulation uses such terms as "no more than" to describe the uppermost range of exertional ability that a category of jobs may entail, "the classification contains jobs where the full limits of the work requirements will not be needed, and it is appropriate to consult with a VE to identify those jobs." *Id.* at 333.

Here, the ALJ found that Plaintiff could perform some range of medium work even though she could not lift 50 pounds occasionally and 25 pounds frequently. This finding is consistent with the regulation because medium work involves lifting "no more than 50 pounds occasionally" and "up to 25 pounds" frequently; "medium work" encompasses lifting and carrying less than these amounts. *See* 20 C.F.R. § 404.1567(c); *Moore*, 256 F. App'x. at 333. The ALJ noted Plaintiff's exertional limitations and then consulted with the VE to identify jobs in the medium category that Plaintiff could perform given these limitations.[1]

In determining Plaintiff's RFC, the ALJ properly considered Plaintiff's medical records, her work history, testimony, the testimony of the VE at the hearing, and the opinion of the non-examining state agency disability consultant. (R. 12-16). Taken together, there is sufficient evidence to support the ALJ's conclusion that Plaintiff was not disabled.

Plaintiff's medical records provide substantial evidence that Plaintiff could perform some range of medium work through her date last insured. The ALJ noted that Plaintiff's records show

---

[1]The non-examining state agency disability consultant gave the opinion that Plaintiff was not disabled through her date last insured. (R. 90). The ALJ gave this consultant's opinion only minimal weight as evidence. (R. 15).

that she had severe impairments related to her psoriatic arthritis (R. 17); however, her records do not indicate that Plaintiff was as limited by her arthritis as she claimed to be or that she could not perform the jobs listed by the VE.  (R. 183-293).  Her medical records dated prior to December 31, 2004 reveal that she was merely prescribed medication, rather than given surgery or bed rest, for her arthritis.  (R. 183-85).  Furthermore, there is no evidence, prior to December 31, 2004, that Plaintiff's doctors advised her of any limitations which would prevent her from performing the jobs noted by the VE.  (*id*.).

Considering all the evidence, especially Plaintiff's medical records prior to the end of her time insured, the court finds that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence.

### B.      The ALJ Correctly Applied the Grids.

Because Plaintiff retained the RFC to perform some range of medium work through her last date insured, the ALJ's application of the Grids is correct.  Plaintiff argues that the ALJ should have applied the provisions of Rule 202.01 and found her to be disabled because of her advanced age, limited education, and lack of transferable skills.  However, Rule 202.01 would apply only if Plaintiff was limited to light work because of her impairments.  *See* 20 C.F.R. § 404, Subpart P, Appendix 2, Rule 202.01.  Because Plaintiff could perform medium work, the ALJ did not err in not applying Rule 202.01.

### VI.  Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and that proper legal standards were applied in reaching this determination.

10

The Commissioner's final decision is, therefore, due to be affirmed and a separate order in accordance with this memorandum of decision will be entered.

     **DONE** and **ORDERED** this _____15th_____ day of October, 2012.

 

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE